# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 20-00531-DOC-KES             Date: May 19, 2020

Title: ROBERT K. RUEGSEGGER ET AL. v. CALIBER HOME LOANS, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO REMAND [12]**

Before the Court is a Motion to Remand ("Motion") (Dkt. 12), brought by Plaintiffs Robert K. Ruegsegger, Jr. and Gigi E. Ruegsegger (collectively, "Plaintiffs"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court DENIES Plaintiffs' Motion to Remand.

This action was removed to this Court on March 16, 2020, based on diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal ("Notice") (Dkt. 1) ¶¶ 4-12. The only issue presented by the Motion is the citizenship of Defendant LSF9 Master Participation Trust ("LSF9"). The parties do not dispute that the amount in controversy exceeds the jurisdictional threshold, or that complete diversity exists between all other parties (i.e., without considering Defendant LSF9), and the Court is satisfied, on its own analysis, that diversity jurisdiction obtains, save for the controversy regarding the citizenship of Defendant LSF9.

Defendants argue, inter alia, that Defendant LSF9 has been fraudulently joined and may be disregarded in the diversity jurisdiction analysis. The Court agrees.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00531-DOC-KES　　　　　　　　　　　　　　　　　　　　　　　Date: May 19, 2020

Page 2

Three legal standards govern this analysis. First, joinder of a non-diverse defendant is considered fraudulent "if the plaintiff fails to state a cause of action against a resident defendant." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Second, a fraudulently joined defendant is ignored when determining whether diversity jurisdiction obtains. *Id.*; *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing "commonplace" rule that "sham defendants" or "fraudulently joined defendants will not defeat removal on diversity grounds").

Third, Federal Rule of Civil Procedure 41 provides, in relevant part, that a voluntary dismissal by a plaintiff "is without prejudice," unless the notice of dismissal "states otherwise . . . . But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Rule 41(a) "does not require an inquiry into the circumstances of the two dismissals" (with limited exception, e.g., if the dismissal was by stipulation of all parties). *Lake at Las Vegas Inv'rs Grp. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991). Thus, as long as a defendant was "twice voluntarily dismissed under Rule 41" with respect to "substantially the same" claims, then dismissal with prejudice is proper "under the two dismissal rule." *Melamed v. Blue Cross of Cal.*, 557 F. App'x 659, 661-62 (9th Cir. 2014). Rule 41(a) may also "be invoked to dismiss less than all of the parties"; in such circumstances, the "two dismissal bar" can still apply. *Lake at Las Vegas*, 933 F.2d at 728.

As pertains to this case, Plaintiffs have already dismissed Defendant LSF9 twice in cases involving substantially the same claims. In the first, *Ruegsegger v. Caliber Home Loans, Inc.*, Case No. 8:17-cv-00872-DOC-KES, Plaintiffs dismissed the entire action under Rule 41 on May 25, 2017 (Dkt. 8). In the second, *Ruegsegger v. Caliber Home Loans, Inc.*, Case No. 8:17-cv-00907-DOC-KES, Plaintiffs dismissed Defendant LSF9 pursuant to Rule 41 on November 6, 2017 (Dkt. 62 at 35). The Court therefore finds that the "two dismissal rule" applies and that Rule 41 prevents Plaintiffs from suing Defendant LSF9 in the instant action. As Defendant LSF9 is a fraudulently joined defendant, its citizenship does not factor into the diversity jurisdiction analysis. As all parties—and the Court—are in agreement that diversity jurisdiction obtains between the other parties, the Court has jurisdiction over this matter and DENIES the Motion to Remand.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00531-DOC-KES                                Date: May 19, 2020

Page 3

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                    Initials of Deputy Clerk: kd

CIVIL-GEN